# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **FRANCIS MCGEOUGH, individually and as** | ) | |
| **next of kin of AUSTIN MCGEOUGH, Deceased,** | ) | |
| **KIMBERLY READ, individually and as next of** | ) | |
| **kin of AUSTIN MCGEOUGH, Deceased,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **NO. 3:17-cv-00026** |
| **v.** | ) | |
| | ) | **JURY DEMAND (12)** |
| | ) | |
| **EMILY PRISOCK, LAURA BUTLER,** | ) | |
| **BRIAN BUTLER, LINDA BUTLER,** | ) | **Judge Crenshaw** |
| **JOHN TAYLOR, and JOHN/JANE DOES 1-2,** | ) | **Magistrate Holmes** |
| | ) | |
| **Defendants.** | ) | |

---

### FIRST AMENDED COMPLAINT

---

This is the First Amended Complaint brought by Plaintiffs Francis McGeough and Kimberly Read, the biological parents of Austin McGeough (hereinafter, the "Decedent"), for Wrongful Death. In support of their Complaint, Plaintiffs would respectfully state as follows:

### PARTIES

1.     Plaintiff Francis McGeough is the biological father of Austin McGeough and a resident of Amston, Connecticut.

2.     Plaintiff Kimberly Read is the biological mother of Austin McGeough and a resident of Canton, Connecticut.

3.      Plaintiffs have standing to bring a wrongful death action for Austin McGeough pursuant to Tennessee Code Annotated § 20-5-106.

4.    Upon information and belief, Defendant Emily Prisock is currently a citizen and resident of Tennessee residing at 2800 Henry Gower Rd., Pleasant View, Cheatham County, Tennessee, 37146.

5.    Upon information and belief, Defendant Laura Butler is currently a citizen and resident of Tennessee residing at 7098 Highway 41A Pleasant View, Cheatham County, Tennessee, 37416.

6.    Upon information and belief, Defendant Brian Butler is currently a citizen and resident of Tennessee residing at 7098 Highway 41A Pleasant View, Cheatham County, Tennessee, 37416.

7.    Upon information and belief, Defendant Linda Butler is currently a citizen and resident of Tennessee residing at 7098 Highway 41A Pleasant View, Cheatham County, Tennessee, 37416.

8.    Upon information and belief, Defendant John Taylor is currently a citizen and resident of Tennessee residing at 2166 Daniels Road, Greenbrier, Robertson County, Tennessee, 37073.

## JURISDICTION AND VENUE

9.    This Court has subject matter jurisdiction over this action on the basis of diversity of citizenship, pursuant to 28 U.S.C. § 1332:

   a.   Plaintiffs and the Decedent were all domiciled in the State of Connecticut at the time the events from which this controversy arose occurred.

   b.   Defendants are all citizens of Tennessee.

   c.   The matter in controversy exceeds, exclusive of interest and costs, $75,000, the sum specified by 28 U.S.C. § 1332.

2

10.     Venue is proper in the Middle District of Tennessee, pursuant to 28 U.S.C. § 1391, as Defendants are residents of Tennessee, the state in which the district is located, and are subject to personal jurisdiction in this judicial district.

## STATEMENT OF FACTS

11.     In the early morning hours of October 15, 2016, Austin McGeough was killed through the intentional, negligent, or reckless acts of Defendants.

12.     Prior to his death, Austin McGeough was a twenty-one-year-old Soldier in the United States Army, stationed at Fort Campbell, Kentucky.

13.     Austin McGeough was an able-bodied, industrious and hard-working person with a normal life and work expectancy.

14.     On October 14, 2016, Austin McGeough attended a house party at Brian Butler, Linda Butler, and Laura Butler's residence in Pleasant View, Tennessee, with several Army friends, and several other attendees, many below the legal drinking age in the State of Tennessee, at the invitation of Laura Butler (hereinafter, the "Party").

15.     The party at the Butler residence was planned several days in advance. The party was a Hawaiian theme, with decorations throughout the Butler house, and guests arrived in Hawaiian theme attire.

16.     Laura Butler had previously been arrested twice for violating alcohol laws in the state of Tennessee before she hosted the party, according to her own admission. (Affidavit of Kimberly Read).

17.     On October 14, 2016, Laura Butler drove Austin McGeough to a liquor store where he purchased pure grain alcohol for Laura Butler's party at Laura's request. (Affidavit of Kimberly Read).

3

18.     At the Party, Laura Butler invited several people to attend under the legal drinking age in the State of Tennessee. Laura Butler furnished alcohol to these underage guests. Discovery is needed to get an exact count, but Plaintiffs currently estimate that Laura Butler furnished alcohol to twelve underage attendees of this party. Plaintiffs are currently aware that between fifteen to twenty guests attended the party at the Butler residence. (Affidavit of Kimberly Read).

19.     Laura Butler admitted to drinking, despite the fact that she was under the age of twenty-one (21) in violation of the law of the State of Tennessee on October 14, 2016. (Affidavit of Kimberly Read).

20.     At some point during the late evening or early morning hours on October 15th, Austin McGeough left the Party for unknown reasons.

21.     At approximately 3:50am on October 15, 2016, an eighteen-year-old woman named Emily Prisock was driving a silver BMW registered to John Taylor, on Highway 41-A in Pleasant View, Tennessee when she violently struck Austin McGeough in the road with her car.

22.     Emily Prisock called 911 after she struck Austin McGeough requesting assistance at 3:53am on October 15, 2016. Plaintiffs possess copies of the recording of this 911 call placed by Emily Prisock.  During the conversation, Emily Prisock stated that she hit someone in the road and he was deceased.

23.     A second driver, of unknown identify at the time this suit is filed and therefore referred to as John/Jane Doe, ran over the body of Decedent as he lay injured in the roadway on Highway 41-A around 3:55 am as documented by the 911 call placed by Emily Prisock and the Tennessee Highway Patrol Accident Report.  John/Jane Doe 1 failed to stop after running over Austin McGeough, and continued traveling on Highway 41-A.

4

24.     A third driver, of unknown identify at the time this suit is filed, John/Jane Doe 2, also ran over the body of Austin McGeough in the roadway on Highway 41-A around 4:02 am as documented by the 911 call placed by Emily Prisock and the Tennessee Highway Patrol Accident Report. John/Jane Doe 2 failed to stop after running over Austin McGeough, and continued traveling on Highway 41-A.

25.     Defendant Prisock made no attempt to render any aid to Austin McGeough after she had violently struck him in the road with her car and allowed his body to be run over by the second and third drivers.

26.     Austin McGeough was pronounced dead upon the arrival of first responders at 4:12am on October 15, 2016.  An autopsy conducted by the medical examiner in Nashville on October 16, 2016 determined:

     a.   Cause of death: multiple blunt force injuries.

     b.   Manner of death: accident.

     c.   Circumstances of death: pedestrian struck by motor vehicle.

27.     Defendant Prisock admitted she was speeding before she ran over Austin McGeough on the 911 call, stating that she was "going 55 or like 57" when the speed limit on Highway 41-A is posted as 45 miles per hour.

28.     At the time of the accident, 3:50am on October 15, 2016 visibility was extremely low on Highway 41-A at the stretch of road where Defendant Prisock violently struck Austin McGeough with the car she was driving. It was a time of darkness and there are no lights along that stretch of highway.

5

29.     According to the accident report, the road conditions were wet at the time of the accident, 3:50am on October 15, 2016 on Highway 41-A at the stretch of road where Defendant Prisock violently struck Austin McGeough with the car she was driving.

30.     Defendant Priscok was given a citation for failing to provide proof of insurance after she ran over Austin McGeough according to the Tennessee Highway Patrol Accident Report completed by Trooper Jennifer Hicks on October 15, 2016.

31.     Plaintiffs aver that Defendant Prisock gave false statements with the intent to deceive to the investigating Police Officer, resulting in false information being recorded in the accident report including but not limited to: her name, her address, her phone number, the owner of the vehicle (John Taylor), her speed at the time of the accident, and the fact that she had not been drinking and/or was under the influence of drugs at the time of the accident.

32.     Defendant Priscok tweeted at 12:34am on October 15, 2016, less than four hours before she killed Austin McGeough: "At least b dog got her not drunk friend to get me lit" implying that she was drunk and/or high when she ran over and killed Austin McGeough.

33.     The outrageous conduct of the Defendants in this case has resulted in severe injury to the Plaintiffs, including emotional trauma and pain from the death of their son.

## CAUSES OF ACTION AGAINST ALL DEFENDANTS

### I.     WRONGFUL DEATH BY INTENTIONAL TORT

34.     Plaintiffs incorporate paragraphs 1 through 33 as if each has been fully stated herein.

35.     The physical injuries to, and ultimate death of Austin McGeough, were the result of intentional action on the part of Defendants.

6

36. The Defendants acted intentionally with the conscious objective or desire to engage in the conduct or to cause the harm to Austin McGeough thereby entitling Plaintiffs to an award of punitive damages.

37. Plaintiffs seek damages for wrongful death as permitted by Tennessee law, including damages for the pain and suffering that Austin McGeough experienced before his death, as well as damages for funeral expenses and the pecuniary value of Austin McGeough's life, including loss of earning capacity and the loss of society, companionship, comfort, guidance, and other losses experienced by Plaintiff by reason of Austin McGeough's death.

38. Austin McGeough's injuries and death were a proximate result of the Defendants' intentional actions and omissions.

## CAUSES OF ACTION AGAINST EMILY PRISOCK, JOHN TAYLOR, JOHN/JANE DOE 1, AND JOHN/JANE DOE 2

## II. WRONGFUL DEATH BY RECKLESS OR NEGLIGENT CONDUCT

39. Plaintiffs incorporate Paragraphs 1 through 33 as if each has been fully restated herein.

40. Emily Prisock, John Taylor, John/Joe Doe 1, and John/Jane Doe 2 were reckless and/or negligent as their failure to exercise reasonable care led to the accident causing physical injuries and the ultimate death of Austin McGeough. Decedent's death was a reasonably foreseeable probability of not driving carefully on a dark night around 4 am, and appropriate action would have prevented the tragedy from occurring.

41. Emily Prisock owed a duty of reasonable care to pedestrians in the roadway, including Austin McGeough when she was driving on October 15, 2016. She further assumed a duty of care to provide reasonable aid and assistance to Austin McGeough after she violently struck him in the road.

7

42.     Emily Prisock's driving fell below the applicable standard of care. Defendant Prisock breached the standard of reasonable care by not slowing down or avoiding Austin McGeough when she noticed him in the road.  According to the Tennessee Highway Patrol Accident Report, she failed to stop or go around Austin McGeough.

43.     In addition to the foregoing, Plaintiffs aver that Defendant Prisock committed the following violations each constituting negligence per se:

a.  Defendant Prisock was speeding at the time she struck Decedent, according to her own admission in the 911 call.

b.  Defendant Prisock was driving unreasonably fast for the wet and dark road conditions at 3:50am on Highway 41-A, failing to exercise due care in violation of Tennessee Code Annotated § 55-8-136.

c.  Defendant Prisock was driving without insurance.

d.  Defendant Prisock was driving under the influence of alcohol and/or drugs in violation of Tennessee Code Annotated § 55-10-401.

e.  Defendant Prisock refused to render aid to Decedent in violation of Tennessee Code Annotated § 55-50-501.

f.   Defendant Prisock consumed alcohol although she was underage at the time she struck Decedent.

44.     Defendant Emily Prisock's actions were reckless and done with a conscious disregard of the substantial and unjustifiable risk of harm to Austin McGeough, Plaintiffs and others, thereby entitling Plaintiffs to an award of punitive damages.

45.     Defendant John Taylor, as the owner of the BMW that struck Decedent, is liable under comparative fault principals at a percentage to be determined by a jury, for the torts

8

committed by those that he allowed to drive the vehicle he owns. Thus, Defendant Prisock's actions make both Defendant Prisock and Defendant Taylor liable for the comparative fault of the wrongful death to Austin McGeough. *See Ali v. Fisher*, 145 S.W.3d 557, 564 (Tenn. 2004).

46. Defendant John Taylor was negligent for entrusting his automobile to Defendant Emily Prisock. Defendant Taylor knew or reasonably should have known that Defendant Prisock did not have an active automobile insurance policy at the time the impact occurred.

47. Defendant John Taylor was negligent for entrusting his automobile to Defendant Emily Prisock. Defendant Taylor entrusted Defendant Prisock with a vehicle registered in his name. Defendant Prisock is an incompetent driver. Defendant Taylor had knowledge that she was incompetent based on her previous speeding citation given approximately one month before the accident. Defendant Taylor's entrustment of his vehicle to Defendant Prisock was the proximate cause of the wrongful death of Austin McGeough. *See Harper v. Churn*, 83 S.W.3d 142 (Tenn. Ct. App. 2001).

48. John/Jane Doe 1 and John/Jane Doe 2 were negligent for running over Austin McGeough on Highway 41A on 15 October, 2016. They each owed a duty of reasonable care to pedestrians in the roadway, including Austin McGeough. They breached this duty by running over the Decedent with their vehicles thereby contributing to his death.

49. Both Defendants John/Jane Doe 1 and John/Jane Doe 2:

    a. Fled the scene of the accident, an illegal act under the laws of Tennessee.

    b. Failed to render any aid to Austin McGeough after they ran over him.

50. Plaintiffs seek damages for wrongful death as permitted by Tennessee law, including damages for the pain and suffering that Austin McGeough experienced before his death, as well as damages for funeral expenses, and the pecuniary value of Austin McGeough's

9

life, including the loss of earning capacity and the loss of society, companionship, comfort, guidance, and other losses experienced by Plaintiffs by reason of Austin McGeough's death.

## CAUSES OF ACTION AGAINST BRIAN BUTLER, LINDA BUTLER, AND LAURA BUTLER

### III.    WRONGFUL DEATH BY NEGLIGENT CONDUCT

51.    Plaintiffs incorporate Paragraphs 1 through 31 as if each has been fully restated herein.

52.    Laura Butler invited Austin McGeough to a party at her house. She voluntarily assumed a duty to ensure her guests stay safe when she planned the party, procured alcohol for her guests, and allowed illegal drugs to be used at her residence. She breached this duty by inexplicably allowing Austin McGeough to leave the party alone after several hours of drinking alcohol at her party and wonder onto Highway 41A where he ultimately died. This together with the action of other Defendants was the proximate cause of Austin McGeough's death.

53.    Laura Butler owed a duty of care to Austin McGeough based on her invitation to the party at her house, her act of driving Austin to the liquor store to furnish alcohol for her party, and her omission of protecting the safety of the guests at her party after she discovered illegal drugs were present at her house.

54.    The Tennessee Supreme Court has held that a host has a duty to exercise reasonable care to protect guests and third persons from risks associated with drinking when the host voluntarily assumed this duty. *Biscan v. Brown*, 160 S.W.3d 462, 480 (Tenn. 2005).

55.    Laura Butler invited Austin McGeough to her house for a party, served him alcohol, knew or reasonably should have known that Austin was intoxicated, and then failed to safeguard his safety. (Affidavit of Kimberly Read).

10

56.     Laura Butler was eighteen (18) years old, under the legal drinking age in the state of Tennessee, but consumed alcohol on the night of October 14, 2016, which contributed to her inability to provide reasonable care for her guests and contributed to Austin McGeough's death.

57.     As the owners of the home, Brian Butler and Linda Butler are vicariously liable for the torts that occur connected with their home.

58.     Brian and Linda Butler were negligent or reckless for allowing a house party with approximately fifteen to twenty people in attendance to occur at their home that included pure grain alcohol, drinking games such as beer pong and shot gunning beer, illegal drugs, and a lack of competent adult supervision. (Affidavit of Kimberly Read).

59.     Brian and Linda Butler were negligent or reckless for entrusting their house to their daughter Laura whom they knew or should have known had been previously arrested twice for possession or consumption of alcohol under the legal drinking age in Tennessee. (Affidavit of Kimberly Read).

60.     Brian and Linda Butler were negligent or reckless for entrusting their house to their daughter Laura whom they knew or should have known was planning a large house party based on her preparations for the party including purchasing or using extensive Hawaiian themed decorations. (Affidavit of Kimberly Read).

61.     Brian and Linda Butler were negligent or reckless for entrusting their house to their daughter Laura who has stated that there is nothing to do in Pleasant View, Tennessee other than to drink and do drugs. (Affidavit of Kimberly Read).

62.     Brian Butler, Linda Butler, and Laura Butler are joint and severally liable for their negligence as social hosts resulting in the death of Austin McGeough.

63.     Plaintiffs aver that further discovery will show the homeowner's insurance policy for the Butler residence at 7098 Highway 41A Pleasant View, Cheatham County, Tennessee, 37416 may reveal relevant information with regards to coverage of negligent entrustment and/or other applicable policy coverage that will cover some of the loss suffered by Plaintiffs due to Austin McGeough's death.

64.     Plaintiffs seek damages for wrongful death as permitted by Tennessee law, including damages for the pain and suffering that Austin McGeough experienced before his death, as well as damages for funeral expenses, and the pecuniary value of Austin McGeough's life, including the loss of earning capacity and the loss of society, companionship, comfort, guidance, and other losses experienced by Plaintiffs by reason of Austin McGeough's death.

## INJURIES AND DAMAGES

65.     The Defendants' acts and/or omissions were negligent and/or reckless and proximately caused the injuries and death of Austin McGeough.  Further said acts and omissions are the legal cause of Austin McGeough's death and injuries prior to his death, as set forth herein, all of which otherwise would not have occurred but for the acts or omissions of Defendants.

66.     As a direct, legal and proximate result of the negligence and gross negligence and/or reckless conduct by the Defendants as described above, Austin McGeough suffered the following injuries and damages:

    a.   Physical pain and mental suffering;

    b.   Medical bills and expenses;

    c.   Conscious pain, fright, shock and mental anguish;

    d.   Loss of earning capacity and lost wages past, present and future;

e.  Loss of life expectancy;

f.  Loss of enjoyment of life;

g.  Death;

h.  Funeral expenses.

67.     As a direct, legal and proximate result of the negligence of the Defendants as described above, or per the gross negligence of same, Plaintiffs suffered a loss of love, society, and companionship of Decedent, Austin McGeough, due to his injuries and wrongful death.

68.     In addition to actual damages, Plaintiffs seek exemplary damages against Defendants because Defendants' acts and/or omissions proximately caused the death of Austin McGeough and constitute malice and/or recklessness.   Defendants' conduct constitutes recklessness and/or malice because their acts and/or omissions, when viewed objectively at the time of occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.  Despite their actual, subjective awareness of the risk involved, they proceeded with conscious indifference to the rights, safety, and welfare of others. Accordingly, Plaintiffs seek exemplary damages in accordance with Tennessee law.

69.     As a direct and proximate result of the recklessness and/or malice of Defendants, Plaintiffs are entitled to punitive damages in accordance with Tennessee law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs Francis McGeough and Kimberly Read pray that this Honorable Court:

1.     Enter judgment in Plaintiffs' favor on all counts of their Complaint;

2.     Award Plaintiffs compensatory damages in an amount consistent with the evidence produced at trial, but no less than TEN MILLION ($10,000,000.00) DOLLARS;

13

3. Further award Plaintiffs punitive damages in an amount no less than FIVE MILLION ($5,000,000.00) DOLLARS;

4. Impanel a jury of twelve (12) persons to try all disputed issues of fact in this case;

5. Award Plaintiffs costs and attorney fees as allowed by law;

6. That Plaintiffs be entitled to amend their Complaint to include additional damages based upon continued investigation and discovery; and

7. Grant any other and further relief as this Court deems just and proper.


Respectfully submitted,


/s/ Todd G. Cole_____
**Todd Cole, Esq. - #31078**
COLE LAW GROUP, P.C.
750 Old Hickory Blvd., Ste 2-202
Brentwood, TN 37027
Telephone: 615.490.6020
Fax: 615.942.5914
tcole@colelawgrouppc.com
*Attorney for Plaintiffs*